**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SUSAN MILEWSKI,                                    )
on behalf of herself and a class,                  )
                                                   )
                        Plaintiff,                 )
            v.                                     )
                                                   )
LOCAL LIGHTHOUSE CORP., a/k/a                      )
LOCAL LIGHTHOUSE, INC.,                            )
and JOHN DOES 1-10,                                )
                                                   )
                        Defendants.                )

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1.      Plaintiff Susan Milewski brings this action to secure redress for the placement of illegal telemarketing calls to her telephone and residential phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331, 1337 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

        a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

        b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

1

## PARTIES

5.     Plaintiff Susan Milewski is a resident of the Northern District of Illinois.

6.     Defendant Local Lighthouse, Inc, is a corporation organized under California law with offices at 13681 Newport Avenue, Suite 8153, Tustin, California 92780.  Its registered agent and office is Brian M. Davis, 260 Newport Center Drive, Suite 410, Newport Beach, California 92660.

7.     Defendants Does 1-10 are other natural or artificial persons responsible for the calls complained of.

## FACTS

8.     Plaintiff's cell phone has been on the Do-Not-Call registry since June 2013.

9.     On or about September 1, 2015, at 12:07 p.m., plaintiff received a call from (630) 656-5918 on her cell phone.  The call began with a recorded voice, prompting her to press 4 to speak to a live person.  The caller identified himself as Joseph and informed plaintiff that she had an unresolved matter with Google and that "this was urgent."  Plaintiff asked "Joseph" for specifics and was told that plaintiff's placement in search engines as a real estate agent would be lost if plaintiff did not remedy this.  Plaintiff replied that she had not been a real estate agent since 2007 and that she had no business with his firm.  Plaintiff also complained that she had received  previous robocalls despite having opted out via their opt out system.   Joseph continued to press the urgency of this "unresolved matter"and the damage it would do to plaintiff's non-existent real estate business.  Plaintiff then told Joseph that she had already opted out of their calls previously and that this company was never to contact her again under any circumstances.

10.     On September 11, 2015, plaintiff received a similar recorded call at about 3:19

2

p.m. on her residential phone line.

11.     On September 22, 2015, plaintiff received a third recorded call to her residential

line.

12.     On information and belief, additional similar calls were received.

13.     Defendants either negligently or wilfully violated the rights of plaintiff in placing

the calls.

14.     Plaintiff suffered damages as a result of receipt of the calls.   Furthermore,

plaintiff's statutory right of privacy was invaded.

15.     Plaintiff is entitled to statutory damages.

## COUNT I – TCPA – ROBOCALLS TO CELL PHONES

16.     Plaintiff incorporates paragraphs 1-15.

17.     The TCPA, 47 U.S.C. §227, provides:

**§ 227.  Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

18.    The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.    Defendants violated the TCPA by placing automated calls to plaintiff's cell phone.

20.    Plaintiff and each class member is entitled to statutory damages.

21.    Defendants violated the TCPA even if its actions were only negligent.

22.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658),  (c) received cell phone calls from defendants using an automated dialer or  prerecorded voice (d) without express consent.

24.    The class is so numerous that joinder of all members is impractical.

Plaintiffs allege on information and belief that there are more than 40 members of the class. Purchasing or contracting for automated dialing equipment would make no economic sense if less than 40 calls were placed.

25.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendants engaged in a pattern of placing autodialed calls or calls using a prerecorded message to cellular telephones;

        b.     The manner in which defendants obtained the cell phone numbers;

        c.     Whether defendants obtained the consent of the called parties;

        d.     Whether defendants thereby violated the TCPA.

26.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28.     Several courts have certified class actions under the TCPA.   Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla.

2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).  Fax cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd, 728 F.3d 682 (7th Cir. 2013);  *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

29.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of

plaintiffs and the class and against defendants for:

a.       Statutory damages;

b.       An injunction against further violations;

c.       Costs of suit;

c.       Such other or further relief as the Court deems just and proper.

## COUNT II – TCPA – ROBOCALL TO RESIDENTIAL LINE

30.    Plaintiff incorporates paragraphs 1-15.

31.    The TCPA regulations, 47 C.F.R. §64.1200, provide:

**(a) No person or entity may:**

**.....(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.**

**(3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call;**

**(i) Is made for emergency purposes;**

**(ii) Is not made for a commercial purpose;**

**(iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;**

**(iv) Is made by or on behalf of a tax-exempt nonprofit organization; or**

**(v) Delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.**

32.    The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

33.    Defendants violated the TCPA by placing automated calls to plaintiff's residential phone.

34.    Plaintiff and each class member is entitled to statutory damages.

35.    Defendants violated the TCPA even if its actions were only negligent.

36.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

37.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this

8

action (28 U.S.C. §1658), (c) received automated calls from defendants (d) on a residential line, (e) with respect to whom defendants cannot provide evidence of express written consent prior to the call.

38.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

39.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

>     a.     Whether defendants engaged in a pattern of making or causing to be made automated calls to residential phones;
>
>     b.     The manner in which defendants compiled or obtained their list of telephone numbers;
>
>     c.     Whether defendants obtained the consent of the called parties;
>
>     d.     Whether defendants thereby violated the TCPA;

40.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

42.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

43.    Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010);*Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd, 728 F.3d 682 (7th Cir. 2013); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203

Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

44.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Compensatory and punitive damages;

b.      An injunction against further violations;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT ROBOCALLS

45.     Plaintiff incorporates paragraphs 1-15.

46.     Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by making telemarketing calls to plaintiff's cell phone.

47.     Defendants' conduct is contrary to public policy, as set forth in the TCPA.

48.     Plaintiff suffered damages as a result of receipt of the calls.

49.     Defendants engaged in such conduct in the course of trade and commerce.

50.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

51.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois area codes (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/10a), (c) received cell phone calls from defendants using an automated dialer or prerecorded voice (d) without express consent.

52.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

53.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.     Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to cells phones;

      b.     The manner in which defendants compiled or obtained their list of telephone numbers;

      c.     Whether defendants obtained the consent of the called parties;

      d.     Whether defendants thereby violated the ICFA;

54     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

55.     Plaintiff's claims are typical of the claims of the class members. All are based on

the same factual and legal theories.

56. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Compensatory and punitive damages;

b. An injunction against further violations;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems just and proper.

## COUNT IV – ILLINOIS CONSUMER FRAUD ACT
## RESIDENTIAL ROBOCALL VIOLATIONS

58. Plaintiff incorporates paragraphs 1-15.

59. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by making automated telemarketing calls to plaintiff's residential phone without express written consent.

60. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

61. Plaintiff suffered damages as a result of receipt of the calls.

62. Defendants engaged in such conduct in the course of trade and commerce.

63.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

64.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois area codes (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/10a), (c) received automated calls from defendants (d) on a residential phone (e)  without having provided express written consent.

65.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

66.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of making or causing to be made automated telemarketing calls to plaintiff's residential phone;

      b.     The manner in which defendants compiled or obtained their list of telephone numbers;

      c.     Whether defendants obtained the consent of the called parties;

      d.     Whether defendants thereby violated the ICFA;

67.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

68.     Plaintiff's claims are typical of the claims of the class members.  All are based on

the same factual and legal theories.

69.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

70.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Compensatory and punitive damages;

b.     An injunction against further violations;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

### COUNT V  – ILLINOIS RESTRICTED CALL REGISTRY ACT

71.     Plaintiff incorporates paragraphs 1-15.

72.     815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

73.     815 ILCS 402/5(a)  defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or

public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

74.     815 ILCS 402/5(e) defines "Telephone solicitation" to mean --

> **any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**
>
> > **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**
> >
> > > **(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**
> > >
> > > **(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**
> > >
> > > **(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**
> >
> > **(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**
> >
> > **(3) by or on behalf of any person or entity with whom a residential**

**subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

75.     815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

76.     815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

77.     Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act for her cell phone.

78.     Defendants violated the Restricted Call Registry Act by making a telephone

17

solicitation to plaintiff more than 45 days after plaintiff placed her number on the National Do

Not Call Registry.

79.     Defendants violated the Restricted Call Registry Act even if its actions were only

negligent.

80.     Plaintiff is entitled to statutory damages for defendants' violation of the

Restricted Call Registry Act.

## CLASS ALLEGATIONS

81.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

a class.

82.     The class consists of (a) all persons with Illinois area codes who (b) during a

period beginning one year prior to the filing of this action, (c) received a call from defendants (d)

after having placed their telephone numbers on the National Do Not Call Registry more than 45

days prior to the call from defendants, (e) which call advertised the commercial availability of

any property, goods, or services of defendants.

83.     On information and belief, the class is so numerous that joinder of all members is

impractical.

84.     Plaintiff alleges that there are more than 40 members of the class.

85.     There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members.  These questions include:

        a.     Whether defendants timely obtains numbers on the National Do Not Call

            Registry;

        b.     The manner in which defendants place telemarketing calls.

86.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving  unlawful business practices. Neither plaintiff nor plaintiff's counsel  have any interests adverse to or in conflict with the absent class members.

87.     A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.     Statutory damages;

    b.     Injunctive relief;

    c.     Costs;

    d.     Such other and further relief as the Court may deem just and proper.


                        s/ Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

19

**<u>VERIFICATION</u>**

I, Susan Milewski, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the facts stated in the foregoing complaint are true to the best of my knowledge and belief.

<u>*s/ Susan Milewski*</u>
Susan Milewski

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>*s/Daniel A. Edelman*</u>
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*s/Daniel A. Edelman*
Daniel A. Edelman